Sandra J. BASS, Administratrix of
the Estate of Johnny BASS *v.* HOME FEDERAL
SAVINGS AND LOAN ASSOCIATION

CA 79-36                               587 S.W. 2d 48

Opinion delivered August 15, 1979
and released for publication October 4, 1979

*Arlon L. Woodruff,* for appellant.

*Bradley & Coleman,* by: *Douglas Bradley,* for appellee.

MARIAN F. PENIX, Judge. This case was appealed to the Arkansas Supreme Court and by that court assigned to the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 29(3).

This appeal is from a verdict directed by the trial court for the appellee, Home Federal Savings & Loan Association. The appellant, Sandra J. Bass, Administratrix of the Estate of Johnny Bass brought suit against appellee for the amount of a Credit Life Insurance policy.

Sandra J. Bass and Johnny Bass secured a loan from appellee to finance the purchase of a home. The transaction was closed by appellee's agent at appellee's place of business on August 18, 1976. The appellee presented the Basses with an instrument entitled Federal Reserve Regulation Z. Appellee's employee typed the words "Credit Life" in a blank on the instrument and also typed in the cost of insurance both on an annual and on a monthly basis. The employee asked the Basses if they wanted Credit Life Insurance. Johnny Bass acknowledged that they did want such insurance and signed his name in the appropriate blank. The employee testified that she kept the applications in her desk drawer. She also testified she could not remember this particular loan closing transaction, but that her normal practice would be to process an insurance application. There was no explanation as to why an insurance application was not processed in this instance. There was no evidence to rebut the appellant's testimony that no application was offered to her, nor was anything further said about the necessary steps required for securing such Credit Life Insurance.

In February 1977 Johnny Bass learned he had cancer. The appellant Sandra Bass checked all of the places where she had loans and learned from appellee that there was no Credit Life Insurance with Home Federal Savings & Loan. Home Federal told appellant to come in and fill out an application. Of course Johnny Bass's application was re-

jected. Johnny Bass died on May 18, 1977.

In reviewing the sequence of events beginning with the loan closing, it appears that the appellant has made a prima facie case of negligence. The Basses were not advised of further action necessary until months later when it was too late. Once the question concerning Credit Life arose, and the appellants indicated their desire for Credit Life, the jury may well have found that appellants were led to believe Credit Life was being provided. The jury may also have found that there was a duty on part of appellee to process an application in the normal way. *Derby* v. *Blankenship*, 217 Ark. 272, 230 S.W. 2d 481 (1950) and *Spink* v. *Mourton*, 235 Ark. 919, 362 S.W. 2d 665.

Appellee's employee testified that Home Federal Savings & Loan was not an agent of the insurance company. However, she did testify that the chairman of the board is licensed for insurance. Whether Home Federal Savings & Loan was agent of the insurance company or agent of the Basses, its failure to procure or at least make an attempt and advise appellants within a reasonable length of time of the unavailability of the insurance is actionable. The appellant met the burden of proof necessary for the jury to decide whether or not appellee was negligent.

Reversed and remanded.