HOME FEDERAL SAVINGS & LOAN ASSOCIATION *v.* Sandra J. BASS, Administratrix of the Estate of Johnny BASS, Deceased

CA 80-482                                    613 S.W. 2d 604

Court of Appeals of Arkansas
Opinion delivered April 8, 1981

*Bradley & Coleman*, by: *Douglas Bradley*, for appellant.

*Arlon L. Woodruff*, for appellee.

LAWSON CLONINGER, Judge. On June 27, 1977, appellee, Sandra J. Bass, administratrix of the estate of Johnny D. Bass, deceased, filed a complaint alleging that appellant, Home Federal Savings and Loan Association, negligently failed to procure credit life insurance requested by the decedent, Johnny D. Bass. On October 24, 1978, after the appellee herein rested, the trial court directed a verdict for appellant, which was appealed to this Court.

On August 15, 1979, this Court delivered an opinion which reversed and remanded the case, holding that the appellant, who is the appellee in the instant case, met the burden of proof necessary for a jury to decide whether appellee was negligent. *Bass, Administratrix* v. *Home Federal Savings & Loan Association*, 266 Ark. 770, 587 S.W. 2d 48 (Ark. App. 1979). The issues were subsequently presented to a jury, which on March 5, 1980, found in favor of appellee herein, Sandra Bass.

On this appeal, appellant relies upon three points for reversal: (1) The trial court should have directed a verdict for appellant after both parties rested; (2) The trial court admitted improper evidence which was prejudicial to appellant; (3) The trial court gave an erroneous instruction.

On August 18, 1976, Johnny Bass and Sandra Bass, husband and wife, obtained a home loan from appellant. A federal reserve disclosure statement which pointed out the amount of the loan, the interest rate, and the monthly payments for principal and interest, was presented to the Basses, and the statement form contained a space for the signature of the applicants if they desired to purchase credit life at a cost of $4.16 per month. Appellant's employee who prepared the papers and closed the loan had credit life insurance applications with Integon Insurance Company in her desk, but did not advise the Basses that it would be necessary to fill out an application, or to take any other steps to effectuate insurance. No application was made by the Basses and no credit life insurance was procured.

Johnny Bass went to the hospital in December, 1976, and in February, 1977, it was determined that he was terminally ill with a brain tumor. He died May 18, 1977.

Seven years prior to August, 1976, Johnny Bass at age seventeen had a leg amputated for the treatment of bone cancer, but he had not gone to a doctor for any treatment for at least three years prior to the discovery that he had a brain tumor. The medical doctor for Integon Insurance Company testified that an insurance application on behalf of Johnny Bass would not have been accepted by Integon, but

that an application would have been considered in August, 1979. The trial court admitted, over the objection of appellant, documents and testimony indicating that credit life insurance had been issued to Johnny Bass covering a bank loan, an automobile loan, and a refrigerator loan, in 1975 and 1976. This evidence was introduced, and limited by the trial court, on the issue of the insurability of Johnny Bass.

The trial court was correct in its denial of appellant's motion for a directed verdict at the end of all the testimony. On the previous appeal of this case, this Court held that the jury may have found that the Basses were led to believe credit life was being provided, and that the jury may also have found that there was a duty on the part of Home Federal to process an insurance application in the normal way. We found that Sandra Bass, as administratrix, had met the burden of proof necessary for the jury to decide whether Home Federal was negligent. The ruling of this Court on the previous appeal that the appellee here had made a *prima facie* case of negligence becomes the law of the case on this appeal, and appellant has been unable to present any evidence which would justify taking the issue from the jury. If there is any substantial evidence tending to establish an issue in favor of a party against whom the verdict is requested to be directed, it is error for the court to take the issue from the jury. *Page* v. *Boyd-Bilt, Inc.*, 246 Ark. 352, 438 S.W. 2d 307 (1969). In testing whether there is substantial evidence, the testimony and all reasonable inferences deducible therefrom must be viewed in the light most favorable to the party against whom the verdict is directed, and if fair-minded persons might reach different conclusions, it is error to direct a verdict. *Wheeless* v. *Eudora Bank*, 256 Ark. 644, 509 S.W. 2d 532 (1974). When the evidence in this case is viewed in the light most favorable to appellee, the question of appellant's negligence was a proper issue for the jury to determine.

The second and third points relied upon by appellant for reversal relate to the insurability of Johnny Bass at the time he made a request to appellant for credit life insurance, and these points bring into focus the divergent approaches made by appellant and appellee to the issues of the negli-

gence and liability of appellant. Appellant contends that in order to show that the alleged negligence of appellant was the proximate cause of the damages sustained by appellee, the appellee was required to show that the application of Johnny Bass, if processed, would have been approved by Integon Insurance Company. Appellee contends that the whole point of its case is that there were other insurance companies willing to insure Johnny Bass, and that Johnny Bass was denied an opportunity to look elsewhere for insurance because appellant negligently failed to take any steps to process his application and failed to notify Johnny Bass of this fact.

We believe the trial court correctly presented the appellee's theory of the case to the jury when it gave Instruction number 6, not objected to by appellant, as follows:

> You are further instructed that if the defendant, Home Federal, undertook to procure a policy of insurance for the plaintiffs for credit life, then the law imposed upon them the duty, in the exercise of reasonable care, to perform the obligation that they assumed. In this case, if you believe from a preponderance of the evidence that the defendant, Home Federal, contracted with the plaintiff Bass to provide him with credit life insurance and failed to exercise ordinary care or diligence in their effort to provide said insurance or failed to reasonably notify Bass of their inability to obtain such insurance your verdict will be for the plaintiff, Sandra Bass. If you do not so find, then your verdict will be for the defendant, Home Federal.

The trial court gave, over the objections of appellant, Instruction number 5 as follows:

> Sandra Bass, executrix of the estate of Johnny Bass, claims damages from the defendant, Home Federal Savings and Loan, and has the burden of proving each of four essential propositions:
>
> First: That Johnny Bass has sustained damages;
> Second: That Home Federal breached an obligation to

process and provide credit life for Johnny Bass, or that they were negligent in processing an application for and providing credit life;

Third: That Johnny Bass was insurable on August 18, 1976;

Fourth: That such breach of obligation or negligence was the proximate cause of the damages sustained by Johnny Bass.

Appellant urges that Instruction number 5 was erroneous, not because it was a wrong declaration of the law, but because there was no evidence in the record from which the jury could find substantial evidence of the elements stated; that although appellant may have been negligent, there was no causal connection between its negligence and appellee's damages. The jury found that there was a causal connection, and we find that there was substantial evidence upon which to base that finding. It cannot be said with certainty that Johnny Bass could have secured other insurance if he had been aware that he had none through appellant, but he was entitled to the opportunity to try. The instruction was erroneous in that the second portion improperly placed upon appellee the burden of proving that appellant was obligated to *provide* credit life for Johnny Bass. Appellant is in no position to complain, for the reason that the instruction is more favorable to appellant than it is entitled to demand. *Thompson, Trustee* v. *Magness*, 206 Ark. 1081, 178 S.W. 2d 493 (1944).

Appellant urges that the third portion of Instruction number 5 should have been extended to tell the jury that appellee had the burden of showing that Johnny Bass was insurable under the arrangements available to appellant through Integon Insurance Company. Appellant was not entitled to such an instruction, because it was never the contention of appellee that Johnny Bass was insurable by Integon. The third portion of Instruction number 5 is indefinite, because the term "insurable" was not defined in any part of the instructions to the jury. A person is insurable if he meets the criteria established by a particular insurance company, and each company has its own criteria defining insurability. As used in the context of Instruction number 5

"insurable" could be interpreted as meaning that appellee had the burden of proving Johnny Bass insurable by Integon Insurance Company, or it could mean that appellee had only to prove that Johnny Bass was insurable by any company. The jury found under the instruction that Johnny Bass was insurable, and appellant is not in a position to complain, having failed to offer an instruction defining insurability.

Evidence tending to show that Johnny Bass was insurable by companies other than Integon Insurance Company was relevant, and it was competent for that limited purpose. Uniform Evidence Rule 403, Ark. Stat. Ann. § 28-1001 (Repl. 1979), provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury. We do not find that appellant was unduly prejudiced by the admission of evidence regarding the insurability of Johnny Bass, or that the jury was misled by it.

The judgment is affirmed.