Charles BELUE v. Beverly BELUE (now Cannon)

CA 91-448                                    828 S.W.2d 855

Court of Appeals of Arkansas
Division II
Opinion delivered April 29, 1992

*Ray Hodnett*, for appellant.

*Davis & Cox*, by: *Hal W. Davis*, for appellee.

ELIZABETH W. DANIELSON, Judge. Appellant, Charles Belue, and appellee, Beverly Belue, were divorced in December 1978. At that time, appellee was awarded custody of the parties' minor daughter. Appellant had been injured in Vietnam and was a paraplegic. Because of appellant's injuries, the minor child received monthly benefits from the Veterans' Administration and the Social Security Administration. At the time of the divorce, appellant was ordered to insure that the child continued to receive her direct benefits, but appellant was not ordered to pay separate child support.

In December 1988, appellee agreed to transfer custody of the parties' daughter to appellant. In December 1990, appellant asked for child support from appellee and appellee counter-claimed that custody should be returned to her and that appellant should be ordered to pay child support.

The chancellor entered an order on March 22, 1991, finding that the best interests of the child would be served by returning custody to appellee; that the child's expenses, as well as appellant's income, had substantially increased; and that, based on such a finding of material changes in circumstances, the appellant should pay to appellee $640.00 per month child support.

Subsequently, appellee filed a petition for contempt, citing appellant's failure to pay child support. On July 3, 1991, appellant filed a petition for modification of child support, citing his recent loss of employment and the fact that his only source of income was his medical disability benefits received from the Veterans' Administration.

A hearing was held on July 18, 1991, and the chancellor reduced appellant's child support obligation from $640.00 to $365.00 per month, noting that appellant's only income was disability benefits from the Veterans' Administration in the sum of $2,375.00 per month. The court noted, however, that appellant would be receiving an additional $900.00 per month beginning August 1, 1991, as a result of retirement benefits and that child support would be increased to $430.00 per month at that time. The court pointed out that it did not consider the $900.00 gross amount per month retirement income but the net amount of $675.00 per month that the appellant would actually receive after taxes and other appropriate deductions. The chancellor therefore set the prospective increase in child support based upon appellant's expected net monthly income of $3,025.00 as of August 1, 1991.

On appeal, appellant, Charles Belue, urges us to find that the chancellor erred in considering his Veterans' Administration benefits as income for the purpose of determining his appropriate child support obligation. Appellant argues that the court should have only considered appellant's retirement income.

Appellant points out that this court, in *Waldon* v. *Waldon*, 34 Ark. App. 118, 121, 806 S.W.2d 387, 389 (1991), adopted the position that weekly take-home pay, as it relates to the Family Support Chart, refers to the definition of income in the federal income tax laws. Appellant therefore contends the chancellor erred in considering Veterans' Administration benefits in determining the appropriate amount of child support because such benefits are not considered income pursuant to the federal income tax laws.

In the supreme court's per curiam *In Re: Guidelines for Child Support Enforcement*, 301 Ark. 627, 784 S.W.2d 589 (1990), the court stated that factors which may be considered in determining appropriate amounts of child support shall include,

among other things, clothing, accustomed standard of living, recreation, educational expenses, and *"other income or assets available to support the child from whatever source."* 301 Ark. at 629, 784 S.W.2d at 591 (emphasis added); *see also Black* v. *Black*, 306 Ark. 209, 213, 812 S.W.2d 480, 482 (1991).

Social Security disability benefits, like Veterans Administration benefits, are not taxed under the Internal Revenue Code as income. However, appellant's benefits in question here serve the same purpose as Social Security disability benefits — to provide a source of income which may have been reduced or lost completely because of an injury or disability. In *Cochran* v. *Cochran*, 7 Ark. App. 146, 147, 644 S.W.2d 635, 636 (1983), we held that it was proper to consider the appellant's disability payments from the United States Army and Social Security in considering the needs of the appellee and the ability of the appellant to pay, and to consider appellant's income from whatever source derived in determining the amount of alimony to be paid.

■■ Ordinarily, the amount of child support lies within the sound discretion of the chancellor. *Ross* v. *Ross*, 29 Ark. App. 64, 67, 776 S.W.2d 834, 835 (1989). The chancellor's findings as to child support will not be disturbed on appeal unless it is shown that the chancellor abused his discretion. *Borden* v. *Borden*, 20 Ark. App. 52, 54, 724 S.W.2d 181, 183 (1987). Although chancery cases are tried *de novo* on appeal, the chancellor's findings of fact will not be reversed unless they are clearly against the preponderance of the evidence. *Roark* v. *Roark*, 34 Ark. App. 250, 252, 809 S.W.2d 822, 823 (1991).

In rendering his order at the conclusion of the hearing, the chancellor stated:

The Plaintiff's motion to modify child support is granted as the Court finds that at this time his income is two thousand three hundred and seventy-five dollars ($2,375) per month derived from VA benefits and it is anticipated that he will receive Army retirement benefits in the amount of nine hundred dollars ($900) beginning on or about August 1, 1991.

The Court sets child support today based solely on his

VA benefits and that child support will be three hundred and sixty-five dollars ($365) per month and will increase to four hundred and thirty dollars ($430) per month automatically when the Defendant receives his first retirement check.

In stating his reasons for considering appellant's Veterans' Administration disability benefits, the chancellor went on to state:

It is this Court's reasoning that under the law in Arkansas, non-custodial parents are obligated under the law to support their children and it is my firm belief that the Supreme Court never intended to exempt income received from VA benefits, certainly when they are in the amounts they are in this case, to be exempt from being calculated in child support payments.

I can see no reason why Mr. Belue should live on a very substantial income and not support his child, even if the technical definition of income does not include that income which he receives.

The language "other income or assets available to support the child from whatever source" contained in the per curiam shows the committee's intent to expand, not restrict, the sources of funds to be considered in setting child support. *See* 301 Ark. at 629, 784 S.W.2d at 588.

We cannot say that it was error for the chancellor to base the amount of child support ordered on a monthly income which included appellant's Veterans' Administration disability benefits.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.