IN RE the MARRIAGE OF Louise SCHNETZER, n/k/a Louise Alsteen, Petitioner-Respondent,

v.

Gregory SCHNETZER, Respondent-Appellant.

Court of Appeals

*No. 92-2277-FT. Submitted on briefs January 5, 1993.—Decided February 9, 1993.*

(Also reported in 497 N.W.2d 772.)

On behalf of the respondent-appellant, the cause was submitted on the brief of *Paul M. Cornett* of Little Chute.

On behalf of the respondent, the cause was submitted on the brief of *Jerome H. Block* of *Seymour & Samson, S.C.* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Gregory Schnetzer appeals an order requiring that 60% of his earnings be assigned to satisfy present and past child support obligations.[1] He argues that the assignment violates sec. 767.265(1), Stats., and that the trial court erred by applying the percentage standard set by administrative regulation. We conclude that the trial court did not err in exercising its discretion by applying the percentage standards. However, because sec. 767.265(1) limits the amount that a trial court may assign from one's paycheck to satisfy an arrearage to 50% of the amount of child support due during the present period, we reverse in part and remand for further proceedings.

Gregory and Louise Schnetzer were divorced in 1985 and have both remarried. Their marriage produced two children who live with Louise. Gregory pays child support. Gregory served in Vietnam, where he was exposed to Agent Orange, and has since contracted a form of non-Hodgkins lymphoma. Consequently, he receives substantial VA benefits. He works seasonally and collects unemployment compensation at other times. Gregory's wife is unemployed. Louise and her husband are both employed.

In August 1991, Louise moved the court for a revision of Gregory's child support obligation pursuant to sec. 767.32, Stats. At that time, Gregory was paying $51 per week, which was assigned from his pay or from unemployment compensation, whichever he was receiving. In March 1990, Gregory began receiving monthly VA benefits. These benefits were $1,901 per month through May 14, 1992, when they were to be reduced to $305 per month. On February 10, 1992, when Gregory was receiving unemployment benefits, the trial court

---

[1] This is an expedited appeal under Rule 809.17, Stats.

ordered him to pay child support of 25% of his gross income, including salary, unemployment compensation and VA disability payments. Additionally, the court found that Gregory was in arrears and ordered that he pay $100 per month to make up the arrearage. Because Gregory anticipated he would return to work in May 1992 and the future of his VA benefits would be more certain at that time, the court directed Louise to make application for further proceedings in May 1992.

In May, the trial court found that Gregory had made no child support payments since February and was $4,365.50 in arrears. The court again ruled that Gregory's future child support payments were to be 25% of his income, including salary, unemployment compensation and VA benefits. The court then assigned 25% of Gregory's wages or unemployment compensation for current child support, an additional 25% of his wages or unemployment compensation to be applied to the support arrearage, and an additional 10% of his wages or unemployment compensation to be applied to the current support due from the VA benefits.[2] In all, the court assigned 60% of Gregory's wages or unemployment compensation.

Gregory first argues that the trial court erred by applying the percentage standard. Louise filed for a recalculation of Gregory's child support obligation under sec. 767.32, Stats. Section 767.32(2) requires courts that

---

[2] The court could not assign Gregory's VA benefits because 38 U.S.C. § 5301(a) (1991) prohibits it. Although VA benefits are not assignable, Gregory does not dispute that it is proper to consider these benefits when setting child support obligations. *See Belue v. Belue*, 828 S.W.2d 855, 857 (Ark. App. 1992); *Fletcher v. Fletcher*, 573 So. 2d 941, 942 (Fla. App. 1991); *In re Correia*, 735 P.2d 691, 694 (Wash. App. 1987).

revise child support payments to use the percentage standard established by the department of health and social services. This standard, Wis. Admin. Code HSS § 80.03(1)(b), declares that noncustodial parents with two children should provide 25% of their gross income as child support. However, sec. 767.32(2m) states:

> Upon request by a party, the court may modify the amount of revised child support payments determined under sub. (2) if, after considering the factors listed in s. 767.25(1m) or 767.51(5), as appropriate, the court finds, by the greater weight of the credible evidence, that the use of the percentage standard is unfair to the child or to any of the parties.

Use of the percentage standards on revision of a child support order pursuant to sec. 767.32(1) is purely discretionary with the circuit court. *Abitz v. Abitz*, 155 Wis. 2d 161, 182, 455 N.W.2d 609, 618 (1990). In determining child support or dividing property, the trial court properly exercises its discretion if it articulates its reasons, bases its decision on facts of record and the correct legal standards and awards amounts that are neither excessive nor inadequate. *Haugan v. Haugan*, 117 Wis. 2d 200, 216, 343 N.W.2d 796, 804 (1984).

Gregory contends that the trial court erred because it did not consider the elements listed in sec. 767.25(1m), Stats. However, these factors need to be demonstrably considered only where the trial court deviates from the percentage standards. Section 767.32(2m), Stats. Here, where the trial court chose not to deviate from the percentage standards, the court, in exercising its discretion, need only articulate its reason and base its decision on facts of record and the correct legal standard. *Haugan*, 117 Wis. 2d at 216, 343 N.W.2d at 804. The trial court did so. The trial court based its decision on the facts in

the record at two hearings and came to the same conclusion both times. In February of 1992, the court, responding to Gregory's claim that reliance on the standards would be unfair to him, stated:

> As to the financial matters it would appear that [Gregory's] medical expenses are for himself and are either covered by insurance or covered by the U.S. government because they're service connected, and in view of that fact, while he is able to receive a fairly good compensation from the Veterans Administration, his daughters should be able to share in that benefit. And there is no reason under all the circumstances in this case why they shouldn't get twenty-five percent of his income because that's the standard used in Wisconsin, and it's appropriate in this case as far as I'm concerned.

After hearing additional argument in May 1992, the trial court again stated:

> [M]y position then doesn't change from my original order that [Gregory] has sufficient income to pay 25 percent for the support of his children, so they may live in accordance with that standard of living that that provides.

We conclude that the trial court properly exercised its discretion by applying the 25% standard set forth in Wis. Admin. Code § HSS 80.03(1)(b) for the payment of child support.

Gregory next argues that the 60% wage assignment violates sec. 767.265(1), Stats. This section states:

> (1) Each order for child support under s. 767.23, 767.25 or 767.51(3) . . . [and] court-approved stipulation for child support . . . constitutes an assignment of all commissions, earnings, salaries, wages . . . and

*other money due or to be due in the future to the clerk of the court where the action is filed. The assignment shall be for an amount sufficient to ensure payment under the order or stipulation and to pay any arrearages due at a periodic rate not to exceed 50% of the amount of support due under the order or stipulation* so long as the addition of the amount toward arrearages does not leave the party at an income below the poverty line established under 42 USC 9902(2). (Emphasis added.)

Statutory interpretation is a question of law that this court determines independently of the trial court. *State v. Wittrock*, 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984). If the statute is ambiguous, we will examine the scope, subject matter and object of the statute to discern the legislative intent. *Hauboldt v. Union Carbide Corp.*, 160 Wis. 2d 662, 684, 467 N.W.2d 508, 516 (1991). A statute is ambiguous if it is capable of being read by reasonable persons in more than one sense. *Id.* This statute may reasonably be read in at least two senses. It could mean that the maximum amount assignable for purposes of the arrearage is 50% of the total arrearage. Also, it could mean that the maximum amount assignable for the purposes of paying toward the arrearage is 50% of the child support currently due. We conclude that sec. 767.265 is ambiguous.

When construing an ambiguous statute, we search for the intent of the legislature and avoid constructions that lead to absurd results. *In re J.A.L.*, 162 Wis. 2d 940, 962-63, 471 N.W.2d 493, 502 (1991). Statutes must be construed in light of their purpose. *Wisconsin State Tel. Assn. v. PSC*, 105 Wis. 2d 601, 607, 314 N.W.2d 873, 876 (Ct. App. 1981). The drafting record of sec. 767.265, Stats., provides that the section "allows an income

assignment to be entered for the amount of the current support plus 50% of that amount for payment on the arrears so long as that does not put the payor below the poverty line." Drafting Record, § 11, 1989 Wis. Act 212. The drafting record displays the meaning of the ambiguous phrase. Thus, we conclude that this section holds that the maximum amount that may be taken from a noncustodial parent's salary for child support arrearage is 50% of the amount due in the instant period for child support.

For instance, if a noncustodial parent was to pay $200 per pay period in child support and was substantially in arrears, the court could assign $200 from the parent's paycheck for current child support and an amount up to $100 (50% of $200) for payment of the arrearage.

In the instant situation, the current child support due from Gregory was 25% of his wages (or his unemployment compensation if not working) and 25% of his VA benefits. The amount of arrearage assignment allowed under sec. 767.265(1), Stats., is 50% of the current support due, or 12.5% of his wages (or unemployment compensation) and 12.5% of his VA benefits. Because the trial court ordered a de facto arrearage assignment of 35% of Gregory's wages,[3] we conclude

---

[3] The 10% assignment the trial court ordered for the child support due from VA benefits is an accumulating arrearage assignment, bringing the total arrearage assignment to 35% of Gregory's wages. We recognize that if Gregory's VA compensation is high enough and conversely his wages low enough, the 35% assignment of his wages for arrearage purposes would meet the sec. 767.265(1) requirement. However, based on the record, that is currently not the case. Gregory is currently earning $9.55 per hour working 40 hours per week. Thus, his monthly income is con-

that it violated sec. 767.265(1) and remand this case for an assignment consistent with this order.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded. No costs on appeal.

servatively (four weeks in a month) $1,528 per month. Even assuming Gregory's VA benefits stay at $1,901 per month, under a 25% child support obligation, the most that could be assigned for arrearages would be 12.5% of ($1,901 + $1,528), or $428.63. The 35% of Gregory's monthly wages is $534.80. Thus, the present assignment violates sec. 767.265(1).