In re the Marriage of: Jean M. Gohde, Petitioner-Respondent,

v.

William R. Gohde, Respondent-Appellant.

Court of Appeals

*No. 93–1364. Submitted on briefs October 14, 1993.—Decided December 15, 1993.*

(Also reported in 512 N.W.2d 199.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Gerald M. Crawford* and *John Barry Stutt* of *Stewart, Peyton, Crawford, Crawford & Stutt* of Racine.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Joe E. Kremkoski* of Racine.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. William R. Gohde appeals from an order modifying his child support obligation. He argues that the trial court improperly imputed a separation benefit as income to him for purposes of computing his gross income under the percentage standards for child support. *See* Wis. Adm. Code sec. **HSS 80.03**. We hold that the benefit was properly included in gross income for purposes of computing child support, and that the trial court exercised proper discretion in deviating from the percentage standards as applied to this gross income. Therefore, we affirm.

The facts are undisputed. William and Jean M. Gohde were divorced on March 4, 1991. The Gohdes had two children during the marriage. At the time of the divorce, William was employed by the United States Navy. The court ordered William to pay child support in the amount of $500 semi-monthly or 25% of his gross income, whichever was greater.

On January 1, 1992, William involuntarily separated from the Navy and received a lump-sum separation benefit of $37,498.25 pursuant to 10 U.S.C. § 1174. William later attempted to join the United States Navy Reserve. William was refused because it was determined that he had a 20% disability. The Department of Veterans Affairs (DVA) awarded him disability compensation in the amount of $157 monthly, but noted that because of the separation benefit already paid, the compensation would be withheld until an amount equal to the separation pay was recouped. *See* 10 U.S.C. § 1174(h)(2).

On February 25, 1992, William moved the court to remove the floor of $500 semi-monthly for child support, which would leave support at 25% of his gross income. The requested amount is the amount recommended by the child support percentage guidelines. *See* Wis. Adm. Code sec. **HSS 80.03**.

At the motion hearing, William testified that as a civilian he could earn $18,000 to $22,000 per year without retraining. He also testified that he intends to go to a three-year school to be educated as a radiology technician, after which he hoped to earn in the "mid 30's." Finally, he stated that the separation benefit was intended to be used over a three-year period to "help [him] assimilate back into the civilian world."

The trial court determined that William could earn $19,000 per year and imputed that income for purposes

of determining William's gross income under the guidelines. Holding that the three-year transition period was reasonable, the court determined that $12,500 per year (the $37,498 benefit divided by the three-year transition period) was also income to William for purposes of child support. The child support guidelines were then applied to the total income of $31,500, yielding support of $656 per month. William appeals.

William argues that the recoupment of the separation benefit should be considered a loan, not income for purposes of child support and the application of Wis. Adm. Code ch. **HSS 80**. He contends that the payment should be considered only for purposes of computing an arrearage based on his ability to pay. William asserts that by looking at substance over form, the payment was a loan because federal law requires William to "repay" it by withholding disability compensation. His argument is not persuasive.

Section 767.32(2) and (2m), Stats., provides that a circuit court shall revise child support payments by using the percentage standards of Wis. Adm. Code ch. **HSS 80** unless the use of the percentage standard is unfair to the child or any of the parties. *Schnetzer v. Schnetzer,* 174 Wis. 2d 458, 462-63, 497 N.W.2d 772, 774 (Ct. App. 1993). Use of the percentage standards on revision of a child support order pursuant to sec. 767.32(1) is purely discretionary with the circuit court. *Schnetzer,* 174 Wis. 2d at 463, 497 N.W.2d at 774. Whether the trial court misapplied Wis. Adm. Code ch. **HSS 80** to the undisputed facts of this case presents a question of law which we review *de novo. See Zimmerman v. Zimmerman,* 169 Wis. 2d 516, 520, 485 N.W.2d 294, 296 (Ct. App. 1992).

To determine child support using the percentage standards, Wis. Adm. Code sec. **HSS 80.03**(1) states that the payer's monthly base income is determined by adding the payer's yearly gross income and imputed income and dividing by twelve. Because the Gohdes had two children during the marriage, the monthly child support obligation is equal to 25% of the payer's monthly base income. Wisconsin Adm. Code sec. **HSS 80.03**(1)(b).

██

Wisconsin Adm. Code sec. **HSS 80.02**(12) defines "gross income" for purposes of applying the child support guidelines as "all income as defined under 26 CFR § 1.61-1 that is derived from any source and realized in any form, whether money, property or services, and whether reported as total income on the payer's federal tax return or exempt from being taxed under federal law." The federal regulation provides in part:

> Gross income means all income from whatever source derived, unless excluded by law. Gross income includes income realized in any form, whether in money, property, or services. . . . Section 61 lists the more common items of gross income for purposes of illustration. For purposes of further illustration, 1.61-14 mentions several miscellaneous items of gross income not listed specifically in section 61. Gross income, however, is not limited to the items so enumerated.

26 C.F.R. § 1.61-1(a). The federal definition of "gross income" has been construed broadly, as Congress intended to exert the full measure of its taxing power. *See Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 429 (1955).

It is a longstanding rule that loans are not considered income. *Commissioner v. Tufts,* 461 U.S. 300, 307 (1983). Because loans are accompanied by corresponding obligations to repay, the offsetting receipt negates any accession to wealth to constitute income as required by *Glenshaw Glass. See* Siegel, *Building with Kirby Lumber: A Critique of Related-Party Acquisitions,* 28 TULSA L.J. 1, 2 n.1 (1992). However, in this case the lump-sum separation benefit to William was not accompanied by a corresponding obligation to repay. He received the benefit free and clear and it was only later that the government acted to recoup the benefit paid. In considering an analogous argument, the tax court was not persuaded that subsequent recoupment of a separation benefit affected the characterization of the benefit at the time it was received. *See Berger v. Commissioner,* 76 T.C. 687, 695 (1981). We agree. Therefore, we hold that the payment was not a loan.

William also seems to argue that the separation benefit is being treated as a disability payment by the military and therefore should not be included in gross income for purposes of child support. The implication from this argument is that disability payments are not included in gross income, which is an accurate statement of the federal taxation laws. *See* 26 U.S.C. § 104(a)(4). However, even if the military treats the separation benefit as a disability benefit, for purposes of computing gross income it is the character of the payment when it is received which is controlling. *Berger,* 76 T.C. at 695. The subsequent eligibility for disability compensation as reduced by the separation benefit does not cause the benefit to be recategorized as

excludable from gross income. *Id.* Therefore, the trial court correctly treated the benefit as gross income.[1]

William's concerns and perceptions of the unfairness of this treatment were addressed by the trial court when it deviated from the guidelines by spreading the receipt of this gross income over a three-year period. The trial court carefully considered the factors enumerated in sec. 767.25(1m), Stats., as required by sec. 767.32(2m), Stats., and concluded that the greater weight of the credible evidence indicated that the strict application of the percentage standards would be unfair. We conclude that the trial court considered the appropriate factors and properly exercised its discretion in the modified child support order.

*By the Court.*—Order affirmed.

---

[1] Because we decide that the payment is a lump-sum separation benefit, we need not decide if a disability benefit is included in gross income for purposes of child support, *see* *Leighton v. Leighton,* 81 Wis. 2d 620, 636-37, 261 N.W.2d 457, 464-65 (1978), even though it is not included in gross income under federal laws of taxation. *See* 26 U.S.C. § 104(a)(4).