Karen R. Baker, Justice, concurring in part and dissenting in part.
I concur with the majority's holding that the circuit court did not err in declining to impute additional income to Frost. However, because the circuit court erred in modifying visitation and failing to properly calculate child support in this matter, I dissent from the remainder of the majority's opinion. First, with regard to visitation, based on the record before the court, the circuit court clearly erred in modifying visitation. Courts impose a more stringent standard for modifications in visitation.
*286 Brown v. Brown , 2012 Ark. 89, 387 S.W.3d 159. The reasons for requiring these more stringent standards are to promote stability and continuity in the life of the child and to discourage the repeated litigation of the same issue. Id. Based on these more stringent standards, none of the changes alleged by Frost or upon which the circuit court based its ruling constitute a material change in circumstances. Here, the circuit court focused on the finding that Dare had "exposed the minor child to inappropriate circumstances and has been negative toward Frost sufficiently to cause strain between the minor child and Frost." However, the record does not support that Dare exposed the child to inappropriate circumstances. The record supports discord between the parties, but Frost has failed to demonstrate that a material change in circumstances occurred. "Petty complaints and parental gamesmanship may not rise to the level of a material change in circumstances, especially if the child is left relatively unscathed. Hart v. Hart , 2013 Ark. App. 714, at 3, 2013 WL 6271901, (citing Dodd v. Gore , 2013 Ark. App. 547, 2013 WL 5509137 ; Byrd v. Vanderpool , 104 Ark. App. 239, 244, 290 S.W.3d 610, 613 (2009) ). Moreover, a custodial parent's change in attitude is not necessarily sufficient to constitute a material change. For example, in Stellpflug v. Stellpflug , [the court of appeals] reversed the circuit court's modification of visitation because 'the only change that occurred in this case was appellee's attitude regarding summer visitation. 70 Ark. App. 88, 93, 14 S.W.3d 536, 539 (2000).' " Geren Williams v. Geren , 2015 Ark. App. 197, at 13, 458 S.W.3d 759, 767-68. Therefore, based on this record, the petty complaints and changes in attitude cannot support the circuit court's decision that a material change in circumstances occurred.
Further, Dare had the authority to deny Frost additional visitation with their child from the time the agreed order was entered in 2004 and the most recent order, which was entered in 2009. The fact that she began to exercise that authority is not a material change in circumstances. Dare should not be punished now for allowing Frost additional visitation from that which was provided for in the agreed order. Therefore, I would reverse and remand on this point.
Second, I also dissent from the majority's conclusion to affirm the circuit court's decision to not consider the capital gains or growth of Frost's stock portfolio in its calculation of child support or imputing his income. The majority states, "[O]n this record, we cannot conclude that the circuit court erred, as the record is insufficient to establish that the portfolio activity sought by Dare to be included in the child support calculation constitutes income as defined in Administrative Order Number 10." I disagree with the majority's analysis. The record clearly supports that Frost's stock portfolio realized profits, and those profits should be included as income for child-support calculations.
As noted by the majority, child support is determined by the family support chart in Arkansas Supreme Court Administrative Order No. 10. Ark. Code Ann. § 9-12-312(a)(3)(A) (Repl. 2015). Administrative Order No. 10 provides:
Section II. Definition of Income.
a. Income means any form of payment, periodic or otherwise, due to an individual, regardless of source, including wages, salaries, commissions, bonuses, workers' compensation, disability, payments pursuant to a pension or retirement program, and interest less proper deductions for:
1. Federal and state income tax;
2. Withholding for Social Security (FICA), Medicare, and railroad retirement;
*287 3. Medical insurance paid for dependent children; and
4. Presently paid support for other dependents by court order, regardless of the date of entry of the order or orders.
Cases reflect that the definition of "income" is "intentionally broad and designed to encompass the widest range of sources consistent with this State's policy to interpret 'income' broadly for the benefit of the child." Evans v. Tillery , 361 Ark. 63, 204 S.W.3d 547 (2005) ; Ford v. Ford , 347 Ark. 485, 65 S.W.3d 432 (2002) ; McWhorter v. McWhorter , 346 Ark. 475, 58 S.W.3d 840 (2001) ; and Davis v. Office of Child Support Enforcement , 341 Ark. 349, 20 S.W.3d 273 (2000). Further, there is a rebuttable presumption that the amount of child support calculated pursuant to the chart is the appropriate amount. Ark. Code Ann. § 9-12-312(3)(A) ("In determining a reasonable amount of child support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart; (B) It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded.").
In McWhorter v. McWhorter , 346 Ark. 475, 481-82, 58 S.W.3d 840, 844-45 (2001), we explained that Administrative Order No. 10
sets forth the relevant factors to be considered by the court in determining the appropriate amount of child support. Those factors include: "12. Other income or assets available to support the child from whatever source." Administrative Orders of the Supreme Court, No. 10, § V. Our court of appeals has had occasion to interpret subsection a.12 on at least two occasions and to include as income certain funds not specifically listed in the definition of "income." See Office of Child Support Enforcement v. Longnecker , 67 Ark. App. 215, 997 S.W.2d 445 (1999) (money received from part-time work included as income for child-support purposes); Belue v. Belue , 38 Ark. App. 81, 828 S.W.2d 855 (1992) (VA benefits included as income for child-support calculations).... There is no question then that both this court and our court of appeals have interpreted the term "income" broadly for purposes of arriving at proper child support.
Further, in Helvering v. Bruun , 309 U.S. 461, 469, 60 S.Ct. 631, 84 L.Ed. 864 (1940), the United States Supreme Court explained that
while it is true that economic gain is not always taxable as income, it is settled that the realization of gain need not be in cash derived from the sale of an asset. Gain may occur as a result of exchange of property, payment of the taxpayer's indebtedness, relief from a liability, or other profit realized from the completion of a transaction. The fact that the gain is a portion of the value of property received by the taxpayer in the transaction does not negative its realization.
Here, the circuit court found that the stock portfolio was not income and explained that it should not have to "engage in the cumbersome annual review in the fluctuations in value of certain types of property" and that Frost's investment account was similar to a retirement account or ownership of real property, and the growth from that account should be used in the calculation of child support only when the "growth is actually 'realized' by the owner." In this case, the evidence established that Frost had approximately $40,000 invested in a stock portfolio at Wells Fargo. Frost's tax returns demonstrate that Frost had realized a profit of $5,470 from that portfolio in 2014, and *288 $1,454 in 2015. Because Frost chose to reinvest the profits in other stock purchases and not access those funds does not extinguish Frost's tax liability on the profits, nor does it extinguish the fact that profits are income for purposes of child support. Accordingly, the profits should not be precluded from calculation of Frost's income for child-support purposes. Therefore, I would hold that the circuit court erred in its decision that the profits in the portfolio were not income for purposes of child support.
Goodson and Hart, JJ., join.