Cite as 2020 Ark. App. 512

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-20-62

| | |
|---|---|
| STATE OF ARKANSAS OFFICE OF CHILD SUPPORT ENFORCEMENT<br><br>APPELLANT<br><br>V.<br><br>TIMOTHY R. WELLS<br><br>APPELLEE | **Opinion Delivered:** November 4, 2020<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35DR-13-987]<br><br>HONORABLE WILLIAM BENTON, JUDGE<br><br>REVERSED AND REMANDED |

## MEREDITH B. SWITZER, Judge

In this one-brief case, the Office of Child Support Enforcement (OCSE) appeals from an order denying its's motion to modify appellee Timothy Wells's child-support obligation and a subsequent order denying its motion for new a trial. OCSE contends the trial court erred (1) as a matter of law in denying OCSE's motion to set child support based on the noncustodial parent's Veteran's Administration disability benefits; (2) in finding there was no material change in circumstances warranting a modification of the noncustodial parent's child-support obligation; and (3) in finding the motion for new trial was untimely. We reverse and remand.

In 2013, OCSE sought child support from Timothy Wells as the noncustodial parent of T.W. Wells's child-support obligation was set at $474 a month by order entered on November 25, 2013. In a January 13, 2016 order, the trial court modified Wells's child-support obligation, noting that the VA had apportioned $500 from Wells's disability benefits

for the support of T.W. and Essence Brandon, his wife at the time, "and for the reason that the apportionment award exceeds the sum of $474.00 which is the presumptive amount of child support based upon the Arkansas Family Support Chart, there will be no separate award of child support in this proceeding."

OCSE filed a subsequent motion to modify on January 23, 2019. At the June 10, 2019 hearing on the motion, Irish Warfield, an OCSE court liaison, testified that she prepared an affidavit of support for Wells and Brandon. She explained that she obtained information from the VA that Wells's June 1 VA benefits check was for $3196.79. She was not able to find that he received any income beyond his VA benefits. She stated that based on that amount, the chart showed his obligation to be $537 a month, and the retroactive amount from February 1 to June 1 to be $2685.

Wells testified that when the last order was entered, he and Ms. Brandon were separated and going through a divorce but still legally married. He stated that the VA's apportionment at that time for the benefit of both Brandon and T.W. was $500. Following the divorce, Brandon's spousal apportionment ended. Brandon requested and received an increase in apportionment from $200 to $300 from the VA for child support. Wells recognized that Warfield calculated the $537 child-support amount by using his monthly $3196.79 VA benefit and determining that the state child-support chart showed he should pay $537 a month in child support on the basis of his monthly income. He further understood that the net amount he would have to pay was $237 because he would get a $300 credit for the VA apportionment. He testified that he would not be able to pay that amount. He explained that he now has a new wife and two additional kids—a stepchild

2

and a biological child—to support. He also explained that he has unusual expenses, including helping his mother, getting to and from the VA, car notes, utilities, and $600 rent to his mother.

Upon further examination by the court, Wells confirmed that the VA benefits were his sole source of income. He explained that a hearing was held a year prior concerning the apportionment of benefits for T.W. and that the amount was raised from $200 to $300.

Brandon testified that she does not currently have any income because she is not working but is getting ready to start a business. She has not remarried since the divorce from Wells. Her itemized expenses on the affidavit of financial means amounted to $990 a month just for herself; that amount did not include the expenses for her two children and their extracurricular activities, needs, and clothing. She stated that the $300 she receives for T.W. does not cover all his expenses.

On October 8, 2019, the court entered its order denying the motion. The court found that there had been no change in circumstances since the January 13, 2016 order, that the support issue had been decided in an apportionment proceeding before the VA, and that the circuit court had no jurisdiction to modify a VA apportionment ruling. OCSE filed a motion for new trial on October 22, 2019, and it was denied as untimely by order entered October 30, 2019. The appeal of both orders was followed by notice filed on November 5, 2019.

For its first point of appeal, OCSE contends the trial court erred as a matter of law in denying OCSE's motion to modify child support based on the court's conclusion that it lacked jurisdiction because the VA had already apportioned benefits. We agree.

3

We begin with Administrative Order No. 10, section (III), which addresses "gross income" and specifically includes "veterans' administration benefits." It provides in pertinent part:

2. Gross Income Inclusions: "Income" is "intentionally broad and designed to encompass the widest range of sources consistent with the State's policy to interpret 'income' broadly for the benefit of the child."

. . . .

Gross income includes, but is not limited to, the following:

. . . .

iv. Military specialty pay, allowance for quarters and rations, housing, *veterans' administration benefits*, G.I. benefits (other than education allotment), or drill pay.

(Emphasis added.)

OCSE contended that in light of Wells's monthly income of $3196.79, his monthly child-support obligation pursuant to Administrative Order No. 10 would be $537. Taking into account his VA apportionment of $300, Wells would still owe $237 a month to fulfill his total obligation. The trial court concluded it was without jurisdiction to, in effect, modify the VA's apportionment ruling of $300 and require Wells to pay the additional $237 a month.

OCSE does not offer, nor does our research reveal, an Arkansas case directly addressing this jurisdictional issue as it relates to VA benefits. We note, however, that in *Belue v. Belue*, 38 Ark. App. 81, 828 S.W.2d 855 (1992), while our court did not address preemption or jurisdictional issues, we found no abuse of discretion in the trial court's considering VA disability benefits in calculating child support—even though VA benefits

4

were not specifically referenced in the child-support chart at that time and were not considered to be income under federal income tax laws.

Specifically addressing preemption and jurisdiction, we find persuasive *Alwan v. Alwan*, 830 S.E.2d 45 (Va. Ct. App. 2019), a recent Virginia case cited by OCSE involving VA disability benefits as they relate to a motion to modify child support. The Virginia appellate court applied the rationale from *Rose v. Rose*, 481 U.S. 619 (1987), in which the United States Supreme Court held that VA benefits can be considered income for child-support purposes, and federal law does not preempt state law in that regard.

*Alwan* and *Rose* are comparable to the instant case, and we find their holdings on this issue to be sound. *See also Goldman v. Goldman*, 197 So. 3d 487 (Ala. Civ. App. 2015) (although former husband's disability benefits were precluded from consideration as income for the purpose of calculating alimony, the same was not true for the calculation of child support); *Lewis v. Lewis*, 2014 Ohio Ct. App. 958 (VA disability benefits were subject to inclusion in the calculation of income for purposes of child support); *Ruffin v. Ruffin*, 753 S.W.2d 824 (Tex. Ct. App. 1988) (VA disability benefits may be subject to withholding for child-support arrears; trial court's jurisdiction of matter was not preempted by federal statute). We conclude that the trial court erred in deciding it was without jurisdiction and therefore reverse and remand this case for further proceedings consistent with this opinion.

For its second point of appeal, OCSE contends the trial court erred in finding that there was no material change in circumstances warranting a modification of Wells's child-support obligation. It is unclear why the trial court made such a finding given that it ultimately determined it was without jurisdiction to address the modification request.

5

Nonetheless, we agree with OCSE that the circuit court erred. A circuit court's finding regarding whether there is a material change in circumstances is subject to a clearly erroneous standard of review. *Hill v. Hill*, 2013 Ark. 330, 429 S.W.3d 219.

In its October 8 order, the circuit court concluded that no change in circumstances existed because Wells remained totally disabled due to a service-connected disability, and his sole resource continued to be his monthly VA benefits. As noted by OCSE, however, the trial court erred in failing to consider the following changes material: (1) Wells's monthly benefits had increased from $2666 at the time of the January 13, 2016 order to $3,196.79 at the time of the June 10, 2019 hearing and the October 8, 2019 order; (2) the January 13, 2016 order referenced the $500 monthly VA apportionment ($200 for T.W. and $300 for his now ex-wife), which had subsequently decreased to $300 because of the divorce (spousal apportionment eliminated and child apportionment increased to $300); and (3) Wells had remarried and had another child.

The increase in Wells's monthly benefits alone constitutes a material change in circumstances. Arkansas Code Annotated section 9-14-107(a)(1) (Supp. 2019) provides that a change in the payor's gross income in an amount equal to or greater than 20 percent or more than $100 a month shall constitute a material change of circumstances sufficient to petition the court for modification of child support. Considering the evidence presented, Wells's change in monthly income from the entry of the January 13, 2016 order to the 2019 hearing and subsequent order far exceeded $100. We find that the trial court clearly erred in finding that there was not a material change in circumstances and reverse and remand to

the trial court for further proceedings consistent herewith, including determination as to whether any retroactive amount is due.

For its third point of appeal, OCSE contends the trial court erred in finding that the motion for new trial was untimely. It is not necessary to address this issue on appeal because we reverse and remand the case for further proceedings.

Reversed and remanded.

HARRISON and WHITEAKER, JJ., agree.

*Paul D. Selby*, Pine Bluff Regional OCSE, for appellant.

One brief only.