IN RE J.L.W., a person under the age of eighteen: J.L.W., Appellant,

v.

WAUKESHA COUNTY, Respondent.

Court of Appeals

*No. 87–1676. Submitted on briefs December 2, 1987.—Decided January 13, 1988.*

(Also reported in 420 N.W.2d 398.)

On behalf of the appellant the cause was submitted on the briefs of *Michael Yovovich,* assistant state public defender.

On behalf of the respondent the cause was submitted on the brief of *Barbara A. Michaels,* assistant district attorney of Waukesha county.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. The issue is whether a trial court must dismiss a juvenile delinquency petition with prejudice under sec. 48.24(5), Stats., when a juvenile intake worker transfers a case to another county and a referral is not made to the district attorney of that county until after forty days from the date of the first intake worker's inquiry. We conclude, under the facts of this case, that the answer is "no."

Section 48.24(5), Stats., mandates dismissal with prejudice if an intake worker does not make a disposition of his or her duty within forty days after the case is first referred. The text of sec. 48.24(5) is as follows:

> **(5)** *The intake worker shall recommend that a petition be filed, enter into an informal disposition or close the case within 40 days or sooner of receipt of referral information.* If the case is closed or an informal disposition is entered into, the district attorney, corporation counsel or other official under s. 48.09 shall receive written notice

of such action. A notice of informal disposition of an alleged delinquency case shall include a summary of facts surrounding the allegation and a list of prior intake referrals and dispositions. ... Notwithstanding the requirements of this section, the district attorney may initiate a delinquency petition under s. 48.25 within 20 days after notice that the case has been closed or that an informal disposition has been made. *The judge shall dismiss with prejudice any such petition which is not referred or filed within the time limits specified within this subsection.* [Emphasis added.]

J.L.W. claims that the facts here mandate dismissal with prejudice under sec. 48.24(5). The facts are that on September 23, 1986, the juvenile intake office of Walworth county received a referral regarding J.L.W., a juvenile. Upon learning that J.L.W. had recently moved to Waukesha county, the intake worker referred the matter to Waukesha on October 8. Waukesha's juvenile intake worker received the matter on October 14. The intake worker recommended that a petition be filed on November 14.

A motion to dismiss was filed alleging that the juvenile intake worker had not taken action within the forty-day time limit of sec. 48.24(5), Stats. The motion was denied.

Our task is to construe sec. 48.24(5), Stats. Construction of a statute is a question of law. *In re B.A.S.,* 134 Wis. 2d 291, 292, 397 N.W.2d 114, 116 (Ct. App. 1986).

As correctly pointed out by J.L.W., the precise issue of statutory construction is as follows: If the statute is to be interpreted so that the forty-day limit began at the point when the Walworth county intake

worker received the referral information, then it is undisputed that the time limit was exceeded. On the other hand, if the statute is interpreted to treat the initial referral as a nullity and the forty-day limit as only beginning to run after the Waukesha county intake worker received a referral from the Walworth county intake worker, then the referral was made in a timely fashion.

J.L.W.'s position is basically that forty days means forty days, that the statute is clear on its face and that the only allowable departures from the forty-day limitation are listed in a separate statute, sec. 48.315, Stats., entitled "Delays, continuances and extensions."[1] J.L.W. submits that since none of the sec.

---

[1]Section 48.315, Stats., reads in part:

(1) The following time periods shall be excluded in computing time requirements within this chapter:

(a) Any period of delay resulting from other legal actions concerning the child, including an examination under s. 48.295 or a hearing related to the child's mental condition, prehearing motions, waiver motions and hearings on other matters.

(b) Any period of delay resulting from a continuance granted at the request of or with the consent of the child and counsel.

(c) Any period of delay caused by the disqualification of a judge.

(d) Any period of delay resulting from a continuance granted at the request of the representative of the public under s. 48.09 if the continuance is granted because of the unavailability of evidence material to the case when he or she has exercised due diligence to obtain the evidence and there are reasonable grounds to believe that the evidence will be available at the later date, or to allow him or her additional time to prepare the case and additional time is justified because of the exceptional circumstances of the case.

(e) Any period of delay resulting from the imposition of a consent decree.

(f) Any period of delay resulting from the absence or unavailability of the child.

48.315 circumstances applies to this case, the action should have been dismissed.

We agree that standing alone, sec. 48.24(5), Stats., appears unambiguous and that forty days does mean forty days. However, a court is not to read sections of a statute in a vacuum but must read them together in order to best determine the plain and clear meaning of the statute. *State v. Toy,* 125 Wis. 2d 216, 219, 371 N.W.2d 386, 387 (Ct. App. 1985). The purpose of statutory interpretation is to ascertain and give effect to the legislature's intent. *In re P.A.K.,* 119 Wis. 2d 871, 878, 350 N.W.2d 677, 681 (1984). The cardinal rule is that the purpose of the whole act will be sought and favored over a construction that would defeat the manifest object of the act. *State ex rel. State Public Defender v. Percy,* 97 Wis. 2d 627, 635, 294 N.W.2d 528, 532 (Ct. App. 1980).

Reviewing ch. 48, Stats., as a whole, we discover the following: Section 48.24(6), Stats., commands that the intake worker perform his or her responsibilities under general written policies which a judge shall promulgate under sec. 48.06(1) and (2), Stats.

The written policies in effect for Walworth and Waukesha counties' intake workers are the "Model Judicial Policies." The policies provide, in part:

> Generally, the county where the child resides is the most appropriate place for a case to be handled. That county is more likely to have previous and/or ongoing contact with the child and

---

(g) A reasonable period of delay when the child is joined in a hearing with another child as to whom the time for a hearing has not expired under this section if there is good cause for not hearing the cases separately.

> family. It will usually be in the interest of the child and family to refer the case to the juvenile court intake office of the county of residence.

It was pursuant to this policy that the Walworth intake worker referred the matter to Waukesha. The intake worker was following his responsibility pursuant to sec. 48.24(6), Stats.

The policy adhered to by the Walworth intake worker has as its cornerstone that it is in the best interests of the child for the case to be venued where the juvenile presently resides. Therefore, the referral was done in order to best effectuate sec. 48.01(2), Stats., which requires the best interests of the child to be the paramount consideration.

So far, we have established that the referral was done pursuant to sec. 48.24(6), Stats., because it was presumably in the best interests of the child. We are certain that J.L.W. has no quarrel with this but would insist that even though referral was appropriate, the whole process must still be completed within forty days.

We disagree. We must reiterate that the best interest of the child is paramount. We are persuaded that it is not in the best interests of the child for the successor intake worker to be imprisoned by a shortened time period following referral. Juvenile records are often voluminous and the new intake workers must thoroughly acquaint themselves with the record.

We do not deem it unreasonable for an intake worker to want to undertake a screening investigation *de novo,* perhaps even consisting of interviewing the same witnesses that the initial intake worker interviewed. Indeed, it is the successor intake worker's own recommendation to make, and he or she should not be

dependent upon what the initial intake worker may or may not have done.

██

Section 48.01(2), Stats., commands us to liberally construe the chapter to effect the objectives of "The Children's Code." We are satisfied that the legislature meant to give each intake worker forty days from start to finish to allow a full and complete inquiry. We are further satisfied that it is in the best interests of the child to allow this full and complete investigation. It is not in the child's best interests to hamper the inquiry by shortening the time limit, perhaps causing a hurried and ill-considered result.

Of course, all of this is subject to the good-faith efforts of the intake workers to make a timely resolution. If the initial intake worker dawdles before referring the matter to another county, a court may dismiss the case upon a finding that the intake worker has not performed his or her responsibility pursuant to statute. We have no good-faith problem here, however. In fact, J.L.W. concedes that the referral based on venue grounds was made in good faith.[2]

We conclude that it would be unreasonable and contrary to the purpose of the Children's Code to read sec. 48.24(5), Stats., in the manner suggested by J.L.W. We affirm the trial court.[3]

---

[2]Because it is undisputed that the intake workers made good faith efforts to make a timely resolution, we need not decide what effect a finding of unreasonable delay may have on cases of this type.

[3]J.L.W. claims there is a method for obtaining an extension of time from the court to complete a detailed investigation when venue has been transferred. J.L.W. asserts that this option was not considered by the county. J.L.W. refers to sec. 48.315(2), Stats., which states:

*By the Court.*—Judgment and order affirmed.

A continuance shall be granted by the court only upon a showing of good cause in open court on the record and only for so long as is necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases.

We do not agree that this section may be used under the facts of this case. The statute allows for a motion for *continuance,* not extension. The two words are different by definition and the legislature has so noted in sec. 48.315(1). As a practical matter, an intake worker cannot ask the court for a "continuance" of the time to investigate a referral because no petition has yet been filed and the matter is not yet before the juvenile court. Only after a petition has been filed can a continuance be the basis of a motion.