IN RE the MARRIAGE OF:

Deborah A. (Mumaw) CARPENTER, Petitioner-Respondent,

v.

Thomas L. MUMAW, Respondent-Appellant.†

Court of Appeals

*Nos. 98–2874, 98–3544. Submitted on briefs July 9, 1999.—Decided September 2, 1999.*

(Also reported in 602 N.W.2d 536.)

†Petition to review denied.

384

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Thomas S. Sleik* and *Jeffrey R. Pawelski* of *Hale, Skemp, Hanson, Skemp & Sleik* of La Crosse.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Mary Anne Kircher* and *Sabina Bosshard* of *Bosshard & Associates* of La Crosse.

Before Vergeront, Roggensack and Deininger, JJ.

VERGERONT, J.   In this post-divorce proceeding, Thomas Mumaw appeals the trial court's order denying his motion to reduce his obligations for maintenance and child support. He contends the trial court

erred in deciding: (1) there was not a substantial change in circumstances and, therefore, the maintenance order should not be modified; (2) there was not a substantial change in circumstances sufficient to justify modifying the child support order despite the applicable statutory presumption of substantial change; and (3) the federal garnishment law that limits the percentage of one's income that can be garnished, 15 U.S.C. § 1673, did not apply in this case. We conclude the trial court did not err in determining there was not a substantial change in circumstances to warrant a change in either the maintenance or child support orders. We also conclude that 15 U.S.C. § 1673 does not apply in this case because these maintenance and child support orders are not "garnishments" as defined by 15 U.S.C. § 1672. We therefore affirm.

## BACKGROUND

Mumaw and Carpenter were divorced in 1990. They were married for seventeen years and had two minor children. At the time of the divorce, the couple owned a business, Sakat Enterprises, Inc., which consisted of three Cost-Cutters hair salons. Full interest in the business was awarded to Mumaw.

The judgment of divorce granted joint legal custody and physical placement of the children. Mumaw was ordered to pay $238.15 biweekly for child support and $1,000 per month in maintenance. These amounts were based in part on the finding that Mumaw's income after the divorce would include the $30,960[1]

---

[1] Mumaw's salary is stated as $30,960 at the beginning of the judgment of divorce. Later in the document Mumaw's current salary is referred to as $30,650, and the trial court in this case rounds those numbers down to $30,000. These minor discrepancies do not affect our decision.

per year he had been earning and "at least some of" the $19,000 per year salary that Carpenter had been receiving from Sakat Enterprises prior to the divorce.

In March 1997, Mumaw filed a motion for a reduction in child support and a reduction or elimination of maintenance.[2] The family court commissioner found there had been a change of circumstances since the divorce and reduced the child support obligation to $139.17 a month and the maintenance obligation to $500 a month. Carpenter moved for a hearing de novo before the circuit court on Mumaw's motion. *See* § 767.13(6), STATS.

At that hearing in August 1998, Mumaw reported his annual salary from Sakat Enterprises in the years after the divorce to be as follows: $44,032 in 1990; $65,726 in 1991; $56,600 in 1992; $55,200 in 1993; $54,600 in 1994; $63,650 in 1995; $53,350 in 1996; and $41,000 in 1997. Mumaw stated that he was taking a salary of about $31,000 in 1998. However, he also stated that he had taken a $10,000 officer loan from the company in 1998, and that taking the loan was cheaper than taking it as additional salary.

Mumaw also testified about changes in Sakat Enterprises and his other business interests. After the divorce, Mumaw became a one-third owner of a new corporation, Coulee Valley CC, which purchased one of Sakat Enterprises' salons and one other salon. In 1997, Mumaw sold his interest in Coulee Valley CC, making a capital gain of $29,383. Mumaw applied the proceeds of the sale to Sakat Enterprises. In 1998, Mumaw testified, Sakat Enterprises was having financial difficulties, so it sold one of its two remaining salons.

---

[2] The motion also asked the family court commissioner to re-evaluate the terms of payment on the property division, but that is not relevant to this appeal.

As a result of this sale, Sakat Enterprises made a profit of $20,260 in the first half of 1998.

After the hearing, the trial court held there was not a substantial change of circumstances, and it denied Mumaw's motion to modify the judgment of divorce. Mumaw then brought a separate motion before the trial court contending that, based on his current income, the child support and maintenance orders violate the federal garnishment statute, 15 U.S. C. § 1763, and, therefore, must be modified. The trial court ruled that the federal statute did not apply because Mumaw was self-employed.

## DISCUSSION

*Maintenance Order*

■■■■■

Under § 767.32, STATS., a trial court may revise the amount of maintenance ordered in a judgment of divorce when it finds there has been a substantial change in the parties' financial circumstances. *See Erath v. Erath*, 141 Wis. 2d 948, 953, 417 N.W.2d 407, 409 (Ct. App. 1987). As we stated in *Erath*:

> The first step in a substantial change analysis is a factual inquiry. It requires a determination of the parties' financial circumstances when the award was made and a determination of their present financial circumstances. Each determination is necessarily limited to those circumstances which the trial court took into account when making the award.

*Id.* at 953, 417 N.W.2d at 409. We will not disturb the trial court's findings of fact regarding the circumstances at the time of the divorce and at the time of the

hearing on the motion for modification unless they are clearly erroneous. *Rosplock v. Rosplock*, 217 Wis. 2d 22, 33, 577 N.W.2d 32, 37 (Ct. App. 1998), *review denied*, 219 Wis. 2d 922, 584 N.W.2d 123 (1998). Whether the change displayed by these factual findings is substantial is a question of law, which we review de novo. *Id.* However, when a question of law is intertwined with the factual findings, as it is in this case, we give weight to the trial court's decision. *Id.*

In denying the motion to modify maintenance in this case, the trial court found: (1) the judgment of divorce was based on a finding that, at the time of divorce, Mumaw earned an income between $30,000 and $49,000 per year; (2) Mumaw's income at all times subsequent to the divorce has been either at the upper end of that range or has exceeded it; (3) Mumaw is able to adjust his income by taking loans payable to the corporation; and (4) Carpenter's earning potential has not changed substantially since the divorce.[3]

On appeal, Mumaw challenges each of these findings. He contends the trial court erred in finding that the judgment of divorce was based on Mumaw earning a salary between $30,000 and $49,000. According to Mumaw, the only logical conclusion based on the amount he was ordered to pay, is that the judgment was based on an estimated salary of $49,000. He also contends the trial court erred in finding that his loan could be considered as income, and, therefore, erred in finding that Mumaw's salary was at the upper end of the range, or exceeded it, in 1997 and 1998. Finally,

---

[3] Although the references to the petitioner and the respondent in the Memorandum Decision and Order denying the motion to modify maintenance and child support are inconsistent, we infer, based on the record, that the court made the findings as we have stated them.

Mumaw asserts the finding that Carpenter's earning potential had not increased substantially is erroneous. We conclude each of the challenged findings are supported by the record and are therefore not clearly erroneous.

Mumaw argues the only logical assumption is that the judgment of divorce was based on an income of $49,000, rather than an income between $30,000 and $49,000, because he was ordered to pay $22,210 to Carpenter. That would leave, he asserts, only $8,400 for Mumaw to live on if he made only $30,650. However, the judgment clearly stated that, in awarding maintenance, the court considered that Mumaw would earn his current salary and "at least some of" the $19,000 Sakat Enterprises had been paying Carpenter when they were married. Therefore, the trial court's determination that the judgment was based on a salary somewhere in the stated range, rather on a salary of $49,000, is supported by the record.

■

Carpenter also argues that a loan is not income, relying on *Gohde v. Gohde*, 181 Wis. 2d 770, 776, 512 N.W.2d 199, 201 (Ct. App. 1993). However, when determining the income of the sole owner of a corporation, a court may disregard the labels attached by the owner and consider corporate profits in order to determine the owner's "true income status." *See Evjen v. Evjen*, 171 Wis. 2d 677, 685, 492 N.W.2d 361, 364 (Ct. App. 1992). Although Mumaw's reply brief contends there was no evidence of retained earnings, he testified at the hearing that he made a capital gain of $29,383 in 1997 due to the sale of Coulee CC, and that Sakat Enterprises had already made a profit of $20,260 in the first half of 1998. This testimony supports the trial court's determination that the loan was a method of reaching the

392

corporate profits, and Mumaw's salary was actually higher than his reported salary, and always at the high end of, or exceeding, the range considered in the judgment of divorce.

Mumaw also contends that Carpenter's earning capacity increased. However, he does not explain what evidence shows this, and we decline to develop this argument for him. *See State v. Gulrud*, 140 Wis. 2d 721, 730, 412 N.W.2d 139, 142–43 (Ct. App. 1987) (we do not consider undeveloped arguments). We therefore conclude that the trial court's finding that Carpenter's earning potential did not substantially change is not clearly erroneous.

█

Based on the facts as found by the trial court, which are not clearly erroneous, we affirm the trial court's conclusion that there was not a substantial change in the parties' financial circumstances. We therefore affirm the decision not to modify maintenance.[4]

*Child Support Order*

█

As with maintenance, a trial court may modify a party's child support obligations if it finds a substantial change in circumstances since the judgment of divorce. *See Zutz v. Zutz*, 208 Wis. 2d 338, 343, 559 N.W.2d 919, 921 (Ct. App. 1997); § 767.32(1)(a), STATS. The trial

---

[4] Mumaw may be suggesting his income since 1995 shows a downward trend that will continue. If that occurs, he may in the future be able to show a substantial change of circumstances. However, the trial court properly limited the inquiry to the difference between his income at the time of divorce and his income at the time of the hearing on his motion.

court in this case found there had not been a substantial change in circumstances. On appeal, Mumaw repeats the argument he made with respect to maintenance—that he experienced a substantial decrease in earnings—and also argues that the trial court did not correctly apply the rebuttable presumption in § 767.32(1)(b). Since we have already affirmed the trial court's determination that there was not a substantial change in financial circumstances since the divorce, we turn to the second contention.

Section 767.32(1)(b), STATS., lists several situations which create a "rebuttable presumption of a substantial change in circumstances sufficient to justify a revision of the [amount of child support]." One of those situations—when the amount of child support was not expressed as a percentage of parental income and thirty-three months have expired since the last order—applies in this case. *See* § 767.32(1)(b)2. Mumaw cites *Zutz* and argues that the rebuttable presumption establishes a substantial change in circumstances, and the child support order must be modified to apply the DHSS percentage standards, unless the court determines that such an application would be unfair to the child or any of the parties. He points out that the trial court did not make a finding of unfairness in this case. Accordingly, he contends, this issue must be remanded to permit the court to decide if there would be unfairness, and, if it finds there would not be, to apply the DHSS percentage standards.

We do not agree with Mumaw's reading of *Zutz*. In *Zutz*, the trial court rejected the payor's argument that the presumption in § 767.32(1)(b)2, STATS., mandated a reduction of support according to the DHSS percentage. *See Zutz*, 208 Wis. 2d at 341, 559 N.W.2d at 920. Instead, that court considered the evidence and found

394

each party had experienced "substantial changes." *Id.* It nevertheless decided it would not modify the child support by applying the DHSS percentage standards. We affirmed, concluding the rebuttable presumption did not remove the trial court's discretion under § 767.32(2m)[5] not to apply the percentage standards, if to do so would be unfair. *Id.* at 344, 559 N.W.2d at 921. We did not suggest, as Mumaw appears to argue, that the rebuttable presumption in § 767.32(1)(b)2 was conclusive on the question of substantial change in circumstances: indeed, because the trial court determined there was in fact a substantial change in circumstances, the role of the presumption in establishing a substantial change was not the subject of the appeal.

In this case, the trial court considered the statutory presumption, but decided the evidence did not show a substantial change of circumstances since the judgment of divorce. We interpret the court's decision to imply a conclusion that the evidence in this case rebutted the presumption. We agree with this conclusion. Although the statutory presumption establishes a prima facie claim for a modification of child support, *see Zutz*, 208 Wis. 2d at 344, 559 N.W.2d at 921, the evi-

[5] Section 767.32(2m), STATS., provides:

Upon request by a party, the court may modify the amount of revised child support payments determined under sub. (2) if, after considering the factors listed in s. 767.25 (1m), 767.51 (5) or 767.62 (4) (e), as appropriate, the court finds, by the greater weight of the credible evidence, that the use of the percentage standard is unfair to the child or to any of the parties.

dence in this case, we conclude, is sufficient to overcome that presumption.[6]

*Federal Garnishment Law*

Mumaw argues the trial court erred in determining that the federal garnishment law, 15 U.S.C. § 1673, does not apply to limit the amount of child support and maintenance that may be withheld from his paycheck. The trial court held this statute inapplicable because Mumaw was self-employed. We affirm the trial court's decision, but for a different reason. We conclude the judgment of divorce ordering payment of child support and maintenance is not a garnishment as defined in 15 U.S.C. § 1672 because it does not require withholding of funds from Mumaw's paycheck. We do not reach the question of whether the statute applies to individuals who are self-employed and control their own income.

15 U.S.C. § 1673 provides maximum percentages of an individual's earnings that can be garnished under varying circumstances. "Garnishment" is defined in 15 U.S.C. § 1672(c) as "any legal or equitable procedure through which the earnings of any individual are *required to be withheld* for payment of any debt." (Emphasis added.) Mumaw contends that, under § 767.265(1), STATS., the order in the judgment of divorce to pay child support and spousal maintenance "constitutes an assignment of all . . . earnings" and is therefore a garnishment limited by the federal statute.

---

[6] In light of our decision that there was not a substantial change of circumstances sufficient to trigger a modification of the child support order, we do not address Mumaw's argument that the court must apply the child support guidelines found in WIS. ADM. CODE §§ HSS 80.01–80.05.

The issue presented is one of statutory construction, a question of law, which we review de novo. *State v. Setagord*, 211 Wis. 2d 397, 406, 565 N.W.2d 506, 509 (1997). The purpose of statutory interpretation is to discern the intent of the legislature. *Id.* To do so, we first consider the language of the statute. Statutes should not be read in a vacuum, but must be read together in order to best determine the plain and clear meaning. *J.L.W. v. Waukesha County*, 143 Wis. 2d 126, 130, 420 N.W.2d 398, 400 (Ct. App. 1988). If the language of the statute as a whole clearly and unambiguously sets forth the legislative intent, we apply that to the case at hand and do not look beyond the statutory language to ascertain its meaning. *Setagord*, 211 Wis. 2d at 406, 565 N.W.2d at 509.

Section 767.265(1), STATS., provides that an order to pay child support and maintenance "constitutes an assignment." However, under § 767.265(2h) if the court order does not require immediate withholding, earnings are not withheld unless the payer becomes delinquent. If the payer fails to make a timely payment, the "court or family court commissioner shall cause the assignment to go into effect by providing notice" to the payer, at which time the payer may request a hearing on whether the assignment was proper. *See* § 767.265(2h). We conclude that under the plain language of § 767.265(1) and (2h), the statutory assignment in § 767.265(1) does not require earnings to be withheld and, therefore, it is not necessarily a garnishment under 15 U.S.C. § 1672.

■

The judgment of divorce here ordered payment of child support and maintenance but did not order that Mumaw's earnings be withheld, and there is no evi-

dence in this case that Mumaw's earnings were subsequently required to be withheld. Mumaw cites two cases from other jurisdictions to support his contention that an order to pay child support is a garnishment. However, in both cases, earnings were actually being withheld. *See Koethe v. Johnson*, 328 N.W.2d 293, 297 (Iowa 1982); *Marshall v. District Court*, 444 F. Supp. 1110, 1116 (E.D. Mich. 1978). We conclude the judgment of divorce ordering Mumaw to make child support and maintenance payments is not a garnishment as defined in 15 U.S.C. § 1672, and therefore, the percentage restrictions in 15 U.S.C. § 1673 do not apply.[7]

*Attorney Fees*

Carpenter requests attorney fees under § 809.25(3), STATS., contending Mumaw's appeal is frivolous. In order to assess fees under § 809.25(3), we must decide the entire appeal is frivolous. *See Nichols v. Bennett*, 190 Wis. 2d 360, 365 n.2, 526 N.W.2d 831, 834 (Ct. App. 1994), *aff'd on other grounds*, 199 Wis. 2d 268, 544 N.W.2d 428 (1996). Although we have decided each issue Mumaw raises against him, we cannot conclude that all his arguments are without a reasonable basis in law or fact. Therefore, we deny Carpenter's motion.

*By the Court.*—Orders affirmed.

---

[7] We do not decide whether 15 U.S.C. § 1673 could apply to child support payments under different circumstances.